UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

| | | |
|---|---|---|
| MOREL OPERATING CO., LLC, | : | |
| | : | JURY TRIAL DEMANDED |
| Plaintiff, | : | |
| | : | Index No. 05CIV10574 |
| -against- | : | |
| | : | |
| HILLTOP RESEARCH INC., | : | SECOND |
| HILLTOP RESEARCH CORPORATION | : | AMENDED |
| DW HEALTHCARE PARTNERS | : | COMPLAINT |
| | : | |
| Defendants. | : | |
| | : | |

-----------------------------------------------------------------X

## NATURE OF THE ACTION

1.     This is an action for breach of contract and successor liability arising out of a lease agreement between Plaintiff and Defendant Hilltop Research Inc. The lease permitted the Defendant a right of early termination conditioned on the Defendant reimbursing the Plaintiff for the unamortized capital cost incurred by Plaintiff in readying the premises for Defendant's occupancy.   The Defendant exercised its right of early termination but failed to make the required termination payment.   The Defendant then sold its business to the other Defendants named herein and liability against Defendants Hilltop Research Corporation and DW Healthcare Partners is premised upon the doctrine of successor liability.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is based upon the diversity of the parties and the fact that the amount in controversy exceeds $75,000.   Venue is proper in this judicial district because the Plaintiff's principal and sole office is located in New York County, New York.

## THE PARTIES

3.      Plaintiff is a New Jersey limited liability company.

4.      Plaintiff owns the Ryders Crossing Shopping Center located in Milltown, New Jersey.

5.      Defendant Hilltop Research Inc. (hereinafter Hilltop #1) is a corporation organized and formed in, and pursuant to, the laws of the State of Ohio.  Defendant Hilltop Research Corporation (hereinafter Hilltop #2) and DW Healthcare Partners (hereinafter DW Healthcare) are entities formed in the State of Delaware pursuant to the laws of that state.

6.      Plaintiff's principal and sole office is located in New York County.  Defendant Hilltop #1 maintained its principal office in the State of Ohio. Defendant Hilltop #2 also maintains its principal office in the State of Ohio.  Defendant DW Healthcare maintains its principal office in the State of Utah.

## SUBSTANTIVE ALLEGATIONS

7.      Pursuant to a written lease agreement between Plaintiff and Defendant Hilltop #1, dated October 16, 2000, the Defendant leased some 5,600 square feet of office space at the Ryders Crossing Shopping Center in Milltown, New Jersey.

8.      The aforementioned lease provided, among other things, that

    A.      The term of the lease was for ten (10) years; and

    B.      The Defendant Tenant Hilltop #1 could terminate the lease at the end of five (5) years by reimbursing Plaintiff Landlord for half of the costs Landlord incurred in making improvements to the premises requested by Tenant.

9.      By letter dated February 21, 2005, Defendant Hilltop #1 informed Plaintiff that it was exercising it's right of early termination effective November 30, 2005.

-2-

10.    In reply to that notice, Plaintiff informed Defendant Hilltop #1 that it spent $237,000 in Tenant improvements and that, therefore, Defendant Hilltop #1, by exercising its right of early termination, incurred a liability to Plaintiff in the amount of $123,500.

11.    Plaintiff further notified Defendant Hilltop #1 that pursuant to the aforementioned lease the Defendant Hilltop #1's termination of the lease was ineffective until it made payment to Plaintiff of the aforementioned $123,500 fee.

12.    Notwithstanding the above, Defendant Hilltop #1 vacated the premises on or before November 30,2005 but failed to pay the required termination fee or the monthly rent payments of $12,372.50 which continued to accrue as a result of Defendant Hilltop #1's ineffective termination of the lease between it and Plaintiff.

13.    Upon information and belief, sometime in the late fall of 2005, Defendant Hilltop #1 sold its business to Defendant DW Healthcare.

14.    Upon information and belief, Defendant DW Healthcare created Defendant Hilltop #2 to be the entity to hold the business being purchased from Defendant Hilltop #1, with the only difference in the names of the two entities being Hilltop #1 ended with the abbreviation "Inc." and Hilltop #2's name ended with the abbreviation of "Corp".

15.    Upon information and belief, Defendant Hilltop #2 has maintained continuity of management, personnel, physical location, assets, and general business operations conducted by Defendant Hilltop #1.

16.    Upon information and belief, there was also a cessation of ordinary business by, and dissolution of, the Defendant Hilltop #1 in early 2006, shortly after the sale to Defendant Hilltop #2.

17.     Upon information and belief, the purchase by Defendant Hilltop #2 explicitly or implicitly included an assumption by Defendant Hilltop #2 of the liabilities ordinarily necessary for the uninterrupted continuation of the business of Defendant Hilltop #1.

18.     Plaintiff attempted to mitigate its damages by seeking to re-lease the premises and a new tenant was finally procured.  That new tenant commenced paying rent as of October 1, 2009.

19.     This Court previously awarded judgment in favor of the Plaintiff and against Defendant Hilltop #1 in the amount of $189,069.75, representing the $123,500 in capital costs owed by Defendant Hilltop #1 to Plaintiff and rent owed by Hilltop #1 to Plaintiff through April 2006.

**COUNT I**
**Breach of Contract and Amendment of Prior Default Judgment**
**(Against Defendant Hilltop #1)**

20.     As noted above, the Court previously awarded judgment for the Plaintiff against Defendant Hilltop #1 in the amount of $189,069.75, which included both the required reimbursement of $123,500 in capital expenditures incurred by Plaintiff and the rent owed by Defendant Hilltop #1 to Plaintiff from December 2005 through April 2006.  That judgment remains to be satisfied in its entirety.  Plaintiff respectfully requests that the Court amend that judgment to now include rent owed by Defendant Hilltop #1 to Plaintiff from May 2006 through September 2009, increasing the amount of the judgment by $507,272.50 to a total of $696,342.25.

**COUNT II**
**Enforcement of Judgment, Breach of Contract, and Successor Liability**
**(Against Defendants Hilltop #2 and DW Healthcare)**

21.    As noted above, Defendant DW Healthcare purchased the business of Defendant Hilltop #1 and created Defendant Hilltop #2 to own and conduct that business and in doing so maintained (i) the offices of Defendant Hilltop #1; (ii) substantially all of the the personnel of Defendant Hilltop #1; (iii) substantially all of the management of Defendant Hilltop #1; and (iv) those liabilities of Defendant Hilltop #1 required to continue the business operations of Defendant Hilltop #1.  Essentially, Defendants Hilltop #2 and DW Healthcare continued the business operations of Defendant Hilltop #1 with little or no apparent changes to those business operations.

22.    Accordingly, Defendants Hilltop #2 and DW Healthcare are liable to Plaintiff on the prior judgment entered herein against Defendant Hilltop #1 and on Plaintiff's claim for contract damages against Defendant Hilltop #1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

A.  Awarding contract damages in the amount of $696,342.25 in favor of Plaintiff against Defendants for all damages sustained;

B.  Awarding Plaintiff pre-judgment interest against Defendants as well as reasonable costs and expenses incurred in this action, including counsel fees and expert fees, costs and expenses; and

C.  Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(a), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated:      December 7, 2009
            New York, New York


By:_____
            Mordechai Lipkis, Esq.
            Attorney for Plaintiff Morel Operating Co., LLC
            50 Walker Street, New York, NY  10013
            Tel: (212) 925-4023
            Fax: (212) 925-4702
            mlipkis@aol.com