UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
MOREL OPERATING CO., L.L.C.,                    :
:
                   Plaintiff,   :   05 Civ. 10574 (TPG)
:
   – against –                              :   **OPINION**
:
HILLTOP RESEARCH, INC., et al.,                 :
:
                 Defendants.  :
:
------------------------------------------------x

     This action asserts breach of contract and other state law claims, in which plaintiff attempts to invoke the diversity jurisdiction of this court. The parties' dispute concerns a lease agreement originally entered into between Hilltop Research Inc. ("Hilltop 1") and Morel Operating Co., L.L.C. ("Morel"). The parties filed cross motions for summary judgment and motions to strike, and plaintiff also filed a motion for leave to file a third amended complaint. On January 9, 2012, the court granted the parties a one month stay of the litigation so that the parties could conduct settlement negotiations.

     It now appears that, with the parties before the court, there is no diversity of citizenship jurisdiction.

     For purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A limited partnership is a citizen of the states where each of its partners are citizens. PDP Special Situation

Fund, L.P. v. Westrock Group, Inc., 10 Civ. 1303 (SHS), 2011 U.S. Dist. LEXIS 104698, at *2 (S.D.N.Y. Sep. 13, 2011).  A limited liability company's citizenship is that of each of its members.  Handelsman v. Bedford Village Assocs. Ltd. Pshp., 213 F.3d 48, 51-52 (2d Cir. 2000).

Plaintiff Morel is a limited liability company that has members domiciled in New York.  Morel has New York citizenship for diversity purposes.  The only defendant in the original complaint was Hilltop 1, a corporation incorporated in Ohio with a principal place of business in Ohio.  Hilltop 1 is a citizen of Ohio for diversity purposes.  Thus, when this case was originally filed, there was complete diversity between the parties.

However, on November 2, 2007, Morel amended its complaint to add DW Healthcare Partners LP ("DW") as an additional defendant.  On December 8, 2009, Morel again amended its complaint and added another new defendant, Hill Top Research Inc ("Hilltop 2").  Hilltop 2 is a Delaware corporation whose principal place of business is in Ohio, so its inclusion in the suit does not defeat complete diversity. By order dated December 16, 2011, the court directed the parties to supply the court with evidence of the domicile of defendant DW, which the parties promptly did.

It now appears that DW is a limited partnership with at least two limited partners who are citizens of New York.  These two limited partners, Yeshiva University and United Jewish Appeal-Federation for

Jewish Philanthropies, Inc., are both not-for-profit corporations organized under New York law with their principal places of business in New York.  Because these limited partners are citizens of New York, DW is a citizen of New York for diversity purposes.  <u>Westrock Group, Inc.</u>, 2011 U.S. Dist. LEXIS 104698, at *2.

This means that there is no complete diversity of citizenship, and thus no diversity jurisdiction on the present record.

Morel has requested an opportunity to amend its complaint in order to avoid a dismissal for lack of subject-matter jurisdiction.  The Supreme Court "has encouraged courts to preserve diversity jurisdiction, if possible."  <u>Allendale Mut. Ins. Co. v. Excess Ins. Co.</u>, 62 F. Supp. 2d 1116, 1121 (S.D.N.Y. 1999).  One such method of preserving diversity jurisdiction would be for the court to dismiss a dispensable, non-diverse party pursuant to Federal Rule of Civil Procedure 21.  <u>Id.</u> at 1122-23.  Rule 21 provides that on "motion or on its own, the court may at any time, on just terms, add or drop a party."  The court must determine whether the defendant is dispensable within the meaning of Federal Rule of Civil Procedure 19, whether the plaintiff consents to such dismissal, and whether the remaining defendants would be prejudiced by such dismissal.  <u>Allendale Mut. Ins. Co.</u>, 62 F. Supp. 2d at 1122-23.

Here, Morel has requested the opportunity to dismiss its claims against DW, the apparently nondiverse defendant, to preserve diversity

jurisdiction over this case.  The parties have not briefed the issue of whether DW should be dismissed from the case.

Morel should move to dismiss DW.  It will then appear if this is consented to or if there is any opposition.

There are now pending before the court cross-motions for summary judgment and to strike, and a motion by plaintiff regarding a third amended complaint.  The court has held these motions for a substantial period of time pending settlement negotiations, and such negotiations are continuing as of the present time.

In view of the fact that, in the present posture of the case, the court lacks subject-matter jurisdiction, these motions are denied without prejudice.  This means that, if the jurisdictional problem is solved as indicated above, and if the case is not settled, the parties are free to re-file the motions as they deem appropriate.

## Conclusion

For the foregoing reasons, the parties' motions are denied without prejudice.

This disposes of Motions 24, 30, 37, 40, 56, and 61 on the Clerk's record.

SO ORDERED.

Dated: New York, New York
March 30, 2012

Thomas P. Griesa

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/12